## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ROSALIND MITCHELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause Number: 4:20-cv-117 ) ) JURY TRIAL DEMANDED |
| CAJUN OPERATING COMPANY D/B/A CHURCH'S CHICKEN, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Rosalind Mitchell (henceforth referred to as "Plaintiff") by and through her undersigned counsel and for her Complaint against Cajun Operating Company d/b/a Church's Chicken (henceforth referred to as "Defendant") states:

### PARTIES

1. Plaintiff, at the time of her injury, was a resident of the State of Missouri.

2. Defendant was at all relevant times, and still is, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Georgia.

### JURISDICTION AND VENUE

3. Jurisdiction in this case is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. Section 1332 and the amount in controversy. Plaintiff is a citizen of Missouri. Defendant is a Delaware company. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interest and costs.

4. At all relevant times, the unlawful actions were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri. Venue is proper pursuant to 28 U.S.C. Section 1391(b).

## ALLEGATIONS

5. Defendant Cajun Operating Company is the owner, operator, and sole possessor of Church's Chicken located at 920 North Grand Boulevard, St. Louis, MO 63106.

6. On or about July 29, 2018, Plaintiff was a business invitee at the Church's Chicken restaurant.

7. After patronizing Defendant, Plaintiff slipped and fell as a result of the dangerous condition on Defendant's parking lot.

8. Defendant knew, or using ordinary care, should have known, of the danger.

9. It was the duty of Defendant, by and through its duly authorized agents and servants, to exercise all due care and caution for the safety of Plaintiff and other members of the public on its premises, but Defendant did not regard its duty, or use due care on behalf of Plaintiff, by and through its authorized agents and servants in that behalf, and negligently and carelessly allowed aforesaid premises to be unsafe to traverse by invitees.

10. Defendant knowingly breached its duty of care by allowed a dangerous condition to exist on the premises, to wit: a dangerous, broken, insufficient, faulty constructed, and defective parking lot pavement.

11. The aforesaid incident occurred as a result of and was proximately caused by the careless, negligent, grossly careless, and reckless conduct of Defendant, which consisted inter alia of the following particulars:

    a. Failing to properly supervise the areas in question so as to furnish Plaintiff a safe and level walking area free from hazards which recognized or should have been recognized by Defendants as

      causing or likely to cause the serious physical harm to Plaintiff and others;

    b.    Failing to maintain the areas in a safe condition to insure that Plaintiff would not be caused to slip and fall as a result of the dangerous condition that existed and which was known and should have been known to Defendants;

    c.    Failing to properly inspect the area wherein Plaintiff was caused to fall as a result of the dangerous condition;

    d.    Failing otherwise to comply with the applicable ordinances, regulations and laws of the City of St. Louis and the State of Missouri;

    e.    Otherwise failing to exercise the degree of care required under the circumstances; and

    f.    Otherwise being negligent.

12.    It would not have been reasonable for Plaintiff, or any other careful and prudent invitee, to have known of the dangerous condition before she tripped.

13.    That as a direct and proximate result of the negligence of Defendant, Plaintiff sustained the following damages: she has experienced injuries to her head, neck, back, chest, and lower extremities; she has incurred medical bills, and she will continue to incur medical bills in the future; she has suffered pain, and she will continue to suffer pain in the future; she has incurred lost wages, and she will continue to incur lost wages in the future; and she has suffered in her ability to work, labor, and enjoy the ordinary pursuits of life.

14.    Defendant clearly and convincingly engaged in the aforementioned unlawful practice with malice, reckless indifference or conscious disregard to the protected rights of Plaintiff.  Plaintiff is therefore entitled to punitive damages in an amount to sufficiently punish Defendant and deter it and others from like conduct in the future.

**WHEREFORE**, Plaintiff prays this Honorable Court to enter a judgment against Defendant, for actual and punitive damages, in the fair and reasonable amount of $450,000, and for such other relief as this Court deems just and proper.

Respectfully Submitted;

**Banks Law LLC**

/s/ *Eric Kendall Banks*
Eric Kendall Banks, MBE#28655
308 North 21st Street, Suite 401
St. Louis, Missouri  63103
314-583-7075
302-365-2789 (e-Fax)
ericbanks@bankslawllc.com