# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROSALIND MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-CV-00117-JAR |
| ) | |
| CAJUN OPERATING CO. ) | |
| d/b/a CHURCH'S CHICKEN, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cajun Operating Co. d/b/a Church's Chicken's Motions in Limine. (Doc. 38). On or about July 29, 2018, Plaintiff visited the Church's Chicken restaurant located at 920 North Grand Avenue in St. Louis, Missouri. Plaintiff claims that her foot became stuck in a pothole upon exiting her vehicle, she fell, and she sustained injuries due to Defendant's negligent inspection and maintenance of the parking lot. Trial is currently set for Monday, April 4, 2022. In accordance with this Court's Scheduling Order (Doc. 30), Defendant has filed multiple motions in limine. (Doc. 38). Plaintiff has only responded to motions in limine six and seven, which primarily concern the admissibility of expert opinion testimony from Plaintiff's treating physician. (Doc. 40). Defendant has replied (Doc. 42) in accordance with this Court's Scheduling Order. (Doc. 41). Plaintiff filed additional briefing following the Final Pretrial Conference (Doc. 44), and this Court proceeded to hold a Status Conference. (Doc. 45). For the reasons discussed below, at the Final Pretrial Conference held on March 31, 2022, and at the Status Conference held on April 1, 2022, the Court will grant motions in limine six and seven.

Motion in Limine #6 – Exclusion of Any Expert Testimony

Per Fed. R. Civ. P. 26(a)(2)(D)(i), a party must disclose the identity of any expert witness at least 90 days before the date set for trial. For expert witnesses who do not provide a report, the party must also disclose the subject matter, facts, and opinions to which the expert is expected to testify. Fed. R. Civ. P. 26(a)(2)(C). If the party fails to provide such information or identify a witness as required by Rule 26(a), the party may not rely upon that witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702 (8th Cir. 2018) ("The disclosure mandates in Rule 26 are given teeth by the threat of sanctions in Rule 37").

Dr. Christopher Forsbach of Premier Podiatry diagnosed Plaintiff with a Lisfranc fracture on August 17, 2018, approximately 19 days after the alleged fall. (Doc. 38-6). Defendant's First Interrogatories asked Plaintiff to identify "[e]ach non-retained expert witness . . . who the Plaintiff expects to call at trial" and "[s]tate also any opinions the expert will testify to at trial." (Doc. 38-1 at 8). Plaintiff simply responded: "See Medical Providers listed in answer #13." (*Id.*). This answer identifies Dr. Forsbach and provides his practice's address but does not offer any additional information.

Trial in this matter was initially scheduled for September 13, 2021. (Doc. 20). This Court held a Status Conference with the parties on August 10, 2021. (Doc. 26). At the Status Conference, the Court indicated its intent to vacate the existing trial setting in light of delays caused by the COVID-19 pandemic. Trial was reset for April 4, 2022. (Doc. 29). Dr. Forsbach appeared for deposition on September 27, 2021. (Doc. 38 at 7). Defendant acknowledges that it "could have retained a competing expert after the deposition of Dr. Forsbach . . . [but] had no reason or right

to do so as Plaintiff had not properly disclosed any experts." (*Id.* at 8-9). Defendant now seeks to exclude any expert opinion testimony from Dr. Forsbach.

It is readily apparent that Plaintiff failed to comply with Fed. R. Civ. P. 26 and has provided no justification for such failure. The Court acknowledges that the "disclosure rule is less demanding for experts that are not specially employed or retained for litigation, such as treating physicians." *Vanderberg*, 906 F.3d at 702. But Plaintiff must still identify "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C); *see Anderson v. Bristol, Inc.*, 936 F. Supp. 2d 1039, 1060 (S.D. Iowa 2013) ("[W]hen a party merely states the name of the witness along with the witness' connection to the case . . . without providing a summary of the witness' expected testimony, the party is not in full compliance with the disclosure requirements found in Rule 26(a)(2)(C)."). To this date, Plaintiff has not offered a clear summary of the facts and opinions to which Dr. Forsbach is expected to testify, nor has she provided any explanation for the failure.

At the Final Pretrial Conference, Plaintiff appeared to suggest that she would introduce Dr. Forsbach's deposition testimony to establish causation. In subsequent briefing, however, Plaintiff now states that she will only offer lay testimony as to causation and Dr. Forsbach will purely "testify as a fact witness" regarding treatment rendered to Plaintiff. (Doc. 44 at 2). In other words, Plaintiff will not offer any expert opinion testimony in this case as to causation, and will instead attempt to rely on her own description of events to establish causation as to the Lisfranc fracture, as discussed further below. Plaintiff's counsel affirmed this Court's understanding during the April

1, 2022 Status Conference. In these circumstances, the Court will grant motion in limine six with Plaintiff's consent because Plaintiff does not intend to offer any expert opinion testimony.[1]

<u>Motion in Limine #7 – Exclusion of Any Lay Testimony Regarding Any Fracture or Treatment Received After August 1, 2018</u>

Defendant seeks to bar Plaintiff from referencing that she suffered a Lisfranc fracture. (Doc. 38 at 9). Defendant reasons that "[a]bsent expert testimony to opine as to any alleged causation of the Lisfranc fracture, there is no basis" for Plaintiff's claim. (*Id.* at 10). Because Plaintiff has now agreed that Dr. Forsbach will not offer an expert opinion on causation, Plaintiff lacks any expert opinion evidence establishing causation as to the Lisfranc fracture. For the first time in briefing after the Final Pretrial Conference, Plaintiff argues that expert opinion testimony is unnecessary to establish causation because Plaintiff's lay testimony is adequate under the "sudden onset" doctrine.

Under Missouri law, the "sudden onset" doctrine "obviates the need for medical testimony to establish the element of causation arising from an accident." *Haycraft v. Flat Land Transp., Inc.*, No. 2:09-CV-23 MLM, 2010 WL 3001860, at *2 (E.D. Mo. July 28, 2010) (citation omitted). The doctrine only applies "where the obvious symptoms of the injury follow the trauma immediately, or with only short delay, and the injury is the kind that is normally sustained in the kind of trauma being considered." *Ridpath v. Pederson*, 407 F.3d 934, 936 (8th Cir. 2005) (citation omitted). Alternatively, "when the injury is a 'sophisticated' one, i.e., requiring surgical

---

[1] The Court has also considered whether Plaintiff's failure to comply with Rule 26(a) was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The question is moot since Plaintiff has indicated that she will not offer expert opinion testimony by Dr. Forsbach. If Plaintiff attempted to introduce expert opinion testimony, however, the Court would exclude such evidence because it cannot say that Plaintiff's failure to comply with Rule 26(a) was substantially justified or harmless. Plaintiff has not offered any explanation for failing to properly disclose Dr. Forsbach as an expert witness, and permitting Dr. Forsbach to offer expert opinion testimony would meaningfully prejudice Defendant at this late stage of litigation. *See Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (discussing factors to consider when fashioning a remedy under Rule 37(c)(1)).

intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." *Id.* (citation omitted).

In this case, two other healthcare providers treated Plaintiff immediately following the alleged fall, diagnosed a sprain, and identified no fracture after imaging. (Doc. 38 at 8). *See Williams v. Jacobs*, 972 S.W.2d 334, 341-42 (Mo. Ct. App. 1998) (holding sudden onset doctrine did not apply where doctors differed in their diagnoses after imaging). These providers recommended conservative treatment such as ibuprofen, rest, and ice. (Doc. 38-4 at 1; Doc. 38-5 at 3). Dr. Forsbach's diagnosis came approximately 19 days later and apparently required surgical intervention. *See Lidge v. Sears, Roebuck & Co.*, 318 F. Supp. 2d 830, 838 (W.D. Mo. 2004) (holding sudden onset doctrine did not apply to slip and fall diagnosed with scientific techniques and requiring surgical intervention); *Holmes v. Gamewell*, 712 S.W.2d 34, 37 (Mo. Ct. App. 1986) (sudden onset doctrine did not apply where plaintiff denied injury immediately following accident and first consulted a physician six days later).

A Lisfranc fracture is certainly not visible to the naked eye and could not even be assessed after two sets of imaging immediately following Plaintiff's alleged fall. At the Final Pretrial Conference, Plaintiff's counsel repeatedly described the Lisfranc fracture as an uncommon, complex injury not encountered in everyday life, further suggesting that medical expert testimony is required to establish causation. *See Fischer v. Famous-Barr Co.*, 618 S.W.2d 446, 448 (Mo. Ct. App. 1981) ("We think the issue of the cause of Plaintiff's injuries presented questions too complex to warrant application of the sudden onset rule."). Plaintiff's descriptions of her injury and subjective pain do "not suffice in proving the existence or nature of an alleged injury which is not

readily discernible." *Lidge*, 318 F. Supp. 2d at 836. There is some dispute, moreover, whether an intervening cause existed if Plaintiff continued walking on her sprained ankle. (Doc. 38-9 at 3-4).

While Plaintiff's sprained ankle may qualify as a sudden onset because it is a simple and obvious symptom of a fall, the Lisfranc fracture diagnosis requires expert testimony as to causation because it is a specialized finding which came 19 days after the alleged fall, required surgical intervention, and two other medical providers did not recognize the fracture. *See Maxwell v. Acuity, A Mutual Ins. Co.*, Civ. 13-0587 CLH/KBM, 2014 WL 12597412 (D.N.M. Feb. 25, 2014) (describing causation testimony regarding Lisfranc dislocation as having potential to be "relatively detailed and complex"). Therefore, Plaintiff must present expert opinion testimony at trial concerning causation as to the Lisfranc fracture in order to make a submissible case. Because Plaintiff has now expressed that Dr. Forsbach will not offer such testimony, Plaintiff lacks any medical expert testimony on the issue of causation and cannot make a submissible case as to the Lisfranc fracture. *See Roberts v. Walgreens Co.*, No. 4:05-CV-1880 HEA, 2006 WL 2883293, at *3 n.1 (E.D. Mo. Oct. 6, 2006) (holding expert testimony was required to prove fall in parking lot led to plaintiff's death). The Court grants motion in limine seven and holds that any testimony regarding the Lisfranc fracture, whether by Plaintiff or Dr. Forsbach, is irrelevant since Plaintiff cannot present a submissible case on the injury.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cajun Operating Co. d/b/a Church's Chicken's Motions in Limine Six and Seven (Doc. 38) are **GRANTED**.

Dated this 1st day of April, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE